[Civ. No. 61993. Second Dist., Div. Four. Dec. 30, 1981.]

HAROLD W. DRESSLER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and LIEN
SERVICES, INC., Respondents.

COUNSEL

Harold W. Dressler, in pro. per., and Dressler & Stenzel for Petitioner.

Nikki S. Udkovich and Pauline Nightingale for Respondents.

OPINION

KINGSLEY, J.—Petitioner Dressler seeks to annul a decision of respondent board denying him attorney fees as against the lien claimants in a proceeding before it. We deny the petition.

On behalf of an injured worker, petitioner prosecuted successfully an application for an award. Represented by respondent Lien Services, two insurance carriers filed liens amounting to a total of $177,323, which were allowed. Petitioner has been allowed a fee of $2,100, payable by the worker; he was denied any additional fee from the lien claimants.[1]

The parties agree on two doctrines: (1) If a lien claimant does no more than file its lien, thereafter taking no part in the proceedings before the board or its judge, the attorney for the worker is entitled to a

---

[1]Petitioner does not here attack the award as against his client. Since we conclude that he is not entitled to a fee from the lien claimants, we need not, and do not, determine whether the fee he here seeks is proper in amount.

fee payable by the lien claimant; (2) if the lien claimant actively intervenes in the proceedings, by its own counsel, introducing evidence, examining or cross-examining witnesses, the attorney for the worker is not entitled to a fee payable by the lien claimant.

The present case requires us to consider how much participation the attorney for the lien claimant must make in order to avoid a fee charge against his client payable to the attorney for the worker.

■ The facts here are undisputed. The attorney for the lien claimants prepared and filed the lien claims and also filed amendments to those claims. She entered an appearance in the proceedings and attended the hearings on the claim. However she did not introduce evidence beyond the filed liens, did not examine or cross-examine any witness, and made no argument to the hearing officer. We conclude that that was sufficient activity to insulate her client from any fee payable to the worker's attorney.

In this case, it developed that no opposition to the liens arose—the hearing being devoted only to the employer's contention that the injury was not industrially caused. However, a lien claimant cannot be sure, prior to the hearings, that its lien will be allowed in full if the worker secures an award. It is entitled to have its own attorney present in the event that its claim is attacked, either in amount or in full. Here, the lien claimants, having retained and paid their own attorney to be present and be prepared to protect their interest if necessary, clearly did not rely on petitioner to protect such interest. The fact that the appearance proved to have been unnecessary does mean that the lien claimants had abandoned their claims to the skill of the worker's attorney.

The order before us is affirmed.

Files, P. J., and Weil, J.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied March 25, 1982. Mosk, J., Richardson, J., and Reynoso, J., were of the opinion that the application should be granted.

---

*Assigned by the Chairperson of the Judicial Council.